IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GREGORY K SMITH,    :
          :
  Plaintiff,    :
          :  CIVIL ACTION FILE
v.         :
          :  NO. _____
PERFORMANT RECOVERY, INC., :
a California corporation,   :  **Jury Trial Demanded**
          :
  Defendant.   :
_____:

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against the defendant for violations of the Fair

Debt Collection Practices Act ["FDCPA"], 15 U.S.C. § 1692 *et seq.* and

supplemental claims under the Georgia Fair Business Practices Act

["GaFBPA"], O.C.G.A. § 10-1-390 through 407, the Georgia tort of

defamation by slander, O.C.G.A. § 51-5-4, Georgia's common law tort of

abusive or unreasonable collection activity, and attorneys fees pursuant

Georgia's bad faith statute, O.C.G.A. § 13-6-11.

### SUBJECT MATTER JURISDICTION

2.      Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §

1692k(d) and 28 U.S.C. § 1331 (federal question jurisdiction).

3.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to

hear and decide any related state law claims.

## PARTIES AND PERSONAL JURISDICTION

4.      Plaintiff is a resident of this District and Division and is authorized by law to

bring this action.

5.      Defendant PERFORMANT RECOVERY, INC. is a corporation organized

under the laws of the State of California.  [Hereinafter said defendant is

referred to as "PERFORMANT"].

6.      PERFORMANT transacts business in this District.

7.      PERFORMANT's transactions in this District give rise to Plaintiff's causes

of action.

8.      PERFORMANT is in the business of collecting past due debts allegedly

owed for personal educational expenses throughout the United States,

including the State of Georgia.

9.      In the course of its business, PERFORMANT directed telephone calls and

letters to Plaintiff in the State of Georgia.

10.     In the course of its business, PERFORMANT directed a telephone call
        Plaintiff's employer which was designed to and did cause damage to Plaintiff
        in the State of Georgia.

11.     The telephone calls alleged herein give rise to Plaintiff's claims.

12.     PERFORMANT regularly engages in the collection of debts from consumers
        in the State of Georgia.

13.     PERFORMANT is subject to the General and Specific jurisdiction of this
        court.

14.     PERFORMANT is subject to the jurisdiction and venue of this Court.

15.     PERFORMANT may be served by personal service upon its registered agent
        in the State of Georgia, to wit: C T Corporation System, 1201 Peachtree
        Street, NE, Atlanta, Georgia 30361.


                        **FACTS COMMON TO ALL CAUSES**

16.     PERFORMANT uses the mails in its business.

17.     PERFORMANT uses telephone communications in its business.

18.     The principal purpose of PERFORMANT's business is the collection of
        debts.

19.   PERFORMANT regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due another.

20.   In 2014, PERFORMANT engaged in and is engaging in a collection campaign directed at Plaintiff in DeKalb County, Georgia in an attempt to collect an alleged unpaid balance for personal student loans allegedly owed to the Pennsylvania Higher Education Assistance Agency.

21.   Plaintiff is employed as a Solutions Specialist Advisor for FedEx Corporation in its Customer Solutions Department.

22.   As a Solutions Specialist Advisor, Plaintiff works directly with Sales Executives, District Sales Managers, Directors and Vice Presidents of FedEx Corporation.

23.   Plaintiff's primary responsibility is in overseeing Customer Solutions for the Atlanta regional market and reviewing and reporting the performance levels of all FedEx operating companies in and around the Atlanta market.

24.   In its attempts to collect from Plaintiff, PERFORMANT called Plaintiff while at work.

25.   Plaintiff was distracted from his employment and aggravated and annoyed by PERFORMANT's calling Plaintiff at his work.

26.   Plaintiff is not supposed to take calls regarding personal matters while on the job.

27.   Plaintiff terminated the call with PERFORMANT in order to return to his employment duties.

28.   After Plaintiff terminated the call, an employee and collector for PEFORMANT acting in the course of his employment who identified himself as ETHAN YOUNG ["YOUNG"] called Federal Express' corporate offices falsely pretending to be a customer of Federal Express with a complaint about Plaintiff's performance of his duties as an employee of Federal Express in its Customer Solutions department.

29.   Federal Express' corporate offices referred PERFORMANT and YOUNG to John Sowell, the Managing Director at Federal Express who oversees the Customer Solutions department for which Plaintiff is employed.

30.   YOUNG, as an employee and agent of PERFORMANT, then called John Sowell and left a message with Carol Gardner, an administrative assistance for John Sowell.

31.   In the telephone call, YOUNG falsely represented to be calling as a customer of Federal Express with a complaint about Plaintiff's performance of his duties as an employee of Federal Express.

32. In the telephone call, YOUNG complained to Plaintiff's employer that Plaintiff would not return his calls and that Plaintiff hung up on him.

33. It is completely acceptable for Plaintiff to refuse to accept calls regarding personal matters while at work.

34. Plaintiff is not at liberty to ignore Federal Express customers and terminate customer calls without justification.

35. In the telephone call with Ms. Gardner, YOUNG requested that Ms. Gardner tell Plaintiff to return his call to telephone number 1-800-927-7664, extension 7741.

36. In the telephone call with Ms. Gardner, YOUNG requested that Ms. Gardner confirm Plaintiff's receipt of his message.

37. Ms. Gardner communicated with Plaintiff via telephone and email regarding YOUNG's telephone call and Plaintiff's failure to return YOUNG's calls.

38. Plaintiff had to explain to Ms. Gardner that the calls were not employment related but were instead related to an alleged past due student loan obligation.

39. Ms. Gardner informed the Plaintiff that he needed to resolve this matter before she had to mention the complaint to John Sowell.

40. PERFORMANT knew Plaintiff's home address, his place of employment, and Plaintiff's telephone numbers.

41.   PERFORMANT's calls to Plaintiff's employer and supervisors were
designed to harass, embarrass and intimidate Plaintiff.

42.   YOUNG and PERFORMANT's representations and implications to
Plaintiff's employer and supervisors that Plaintiff was not returning customer
service calls and was hanging up on Federal Express customers were false
charges against the Plaintiff in reference to his trade, office or profession,
calculated to injure him therein.

43.   It was unreasonable for PERFORMANT to call Plaintiff's employer
pretending to be a customer in order to coerce Plaintiff into calling
PERFORMANT.

44.   At all times pertinent hereto, Defendant was acting by and through its agents,
servants and/or employees who were acting within the course and scope of
their agency or employment, and under the direct supervision and control of
the Defendant herein.

45.   At all times pertinent hereto, the conduct of the Defendant, as well as that of
its agents, servants and/or employees, was malicious, intentional, willful,
reckless, and in grossly negligent disregard for federal laws and the rights of
the Plaintiff herein.

46.    As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of harm to reputation and emotional distress, including anxiety, frustration, humiliation and embarrassment.

47.    As a result of Defendant's conduct, Plaintiff lost an opportunity for a promotion within FedEx Corporation.

48.    Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

49.    The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

50.    Defendant's violations of the FDCPA include, but are not limited to, the following:

51.    Communicating, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, in violation of 15 U.S.C. § 1692c(b);

52.     Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

53.     The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

54.     The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

55.     The false representation or implication that the consumer has committed any conduct in order to disgrace the consumer, in violation of 15 U.S.C. § 1692e(7);

56.     The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e(10); and

57.     The use of unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

58.     As a result of Defendant's actions, Plaintiff is entitled to an award of statutory and actual damages, including but not limited to general damages for harm to reputation and emotional distress, including anxiety, frustration,

humiliation and embarrassment, caused by PERFORMANT's harassing and abusive tactics, as well as an award of costs and attorney fees.

## COUNT TWO: GEORGIA FAIR BUSINESS PRACTICES ACT

59.   PERFORMANTS's actions constitute violations of Georgia's Fair Business Practices Act, including but not limited to, the use of unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.

60.   As a result of the PERFORMANT's actions, Plaintiff is entitled to an award of actual damages, including but not limited to general damages for harm to reputation and emotional distress, including anxiety, frustration, humiliation and embarrassment, caused by PERFORMANT's harassing and abusive tactics.

61.   Defendants' violations of the Fair Business Practices Act were intentional.

62.   Plaintiff requests an award of exemplary damages, pursuant to O.C.G.A. § 10-1-399(a), for the Defendants' intentional violations of the Fair Business Practices Act in order to adequately deter this Defendant from continuing to ignore the law and harass Georgia consumers.

63. Plaintiff requests an award of treble damages, pursuant to O.C.G.A. § 10-1-399(c), for the Defendants' intentional violations of the Fair Business Practices Act.

64. Plaintiff is entitled to an award of reasonable attorneys' fees and expenses of litigation in connection with this action, pursuant to O.C.G.A. § 10-1-399(d).

## COUNT THREE: DEFAMATION BY SLANDER

65. PERFORMANT published false charges to Plaintiff's employer which indicated and which were intended to indicate that Plaintiff was not fulfilling his duties as an employee by failing to return customer calls and by hanging up on Federal Express customers.

66. PERFORMANT's charges against the Plaintiff were made in reference to Plaintiff's trade, office or profession and were calculated to injure him therein in order to coerce Plaintiff into returning a collection call Plaintiff had no obligation to return.

67. The acts of Defendant constitute the tort of Defamation by Slander under Georgia law, O.C.G.A. § 51-5-4(a)(3).

68. As a result of the PERFORMANT's actions, Plaintiff is entitled to an award of actual damages which are inferred as a matter of law, including but not

limited to general damages for harm to reputation and emotional distress, including anxiety, frustration, humiliation and embarrassment, caused by PERFORMANT's harassing and abusive tactics, and punitive damages.

## COUNT FOUR: ABUSIVE/UNREASONABLE COLLECTION

69.  The acts of the Defendant constitute the common law tort of abusive or unreasonable collection under Georgia law.

70.  "[R]easonable and necessary actions taken by a creditor to collect a bill do not constitute an actionable wrong against the debtor... [but] unreasonable bill-collection procedures, e. g., making false statements, threats, and harassing telephone calls, do constitute an actionable tortious wrong." *Dolanson Co. v. Citizens & Southern National Bank*, 242 Ga. 681 (1978). *See also Blazer Financial Services of Ga. v. Stewart*, 141 Ga.App. 156 (1977); *Delta Finance Company v. Ganakas*, 93 Ga.App. 297 (1956).

71.  As a result of the PERFORMANT's actions, Plaintiff is entitled to an award of 1) actual damages, including but not limited to general damages for harm to reputation and emotional distress, including anxiety, frustration, humiliation and embarrassment, caused by PERFORMANT's harassing and abusive tactics, and 2) punitive damages.

## COUNT FIVE: BAD FAITH ATTORNEYS FEES

72.    Defendant has acted in bad faith, been stubbornly litigious and/or caused the

Plaintiff unnecessary trouble and expense.  Plaintiff requests an award of the

expenses of litigation, including reasonable attorneys' fees, pursuant to

O.C.G.A. § 13-6-11.


## JURY TRIAL DEMAND

73.    Plaintiff hereby demands a trial by jury on all issues so triable.


WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT

JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF

PLAINTIFF, AS FOLLOWS:

a)    That Plaintiff be awarded actual and inferred damages;

b)    That Plaintiff be awarded statutory damages;

b)    That Plaintiff be awarded treble damages;

c)    That Plaintiff be awarded punitive and exemplary damages;

d)    That Plaintiff be awarded the expenses of litigation including a

reasonable attorney fee;

e)      That the Court grant such further and additional relief as is just in the

circumstances.

Respectfully submitted,

SKAAR & FEAGLE, LLP

by:     /s/ Justin T. Holcombe
        Justin T. Holcombe
        Georgia Bar No. 552100
        jholcombe@skaarandfeagle.com
        Kris Skaar
        Georgia Bar No. 649610
        krisskaar@aol.com
        P.O. Box 1478
        Marietta, GA 30061-1478
        770 / 427-5600
        404 / 601-1855 fax


        James M. Feagle
        Georgia Bar No. 256916
        jfeagle@skaarandfeagle.com
        2374 Main Street, Suite B
        Tucker, GA 30084
        404 / 373-1970
        404 / 601-1855 fax